UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14400-GAO

JAMES B. LIPPINCOTT,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, CHASE MANHATTAN MORTGAGE CORP., FANNIE MAE a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION, HARMON LAW OFFICES, P.C., and MARK HARMON,
Defendants.

ORDER
July 16, 2015

O'TOOLE, D.J.

Proceeding *pro se*, plaintiff James Lippincott has brought this action following the foreclosure sale of his property on August 21, 2014.[1] Two motions to dismiss have been filed: one by defendants JPMorgan Chase Bank, N.A., and the Federal National Mortgage Association ("Fannie Mae"), and the other by Harmon Law Offices, P.C. and Mark Harmon.[2]

In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take all factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nevertheless, to survive a motion to dismiss, a plaintiff must state facts sufficient to raise a right to relief above the speculative level such that the claim is plausible on its

---

[1] Lippincott previously sought leave to amend his Complaint. The Court gave him until July 6, 2015 to submit an amended complaint, and he never did so. Accordingly, this Order is based on Lippincott's original Complaint, which is the only complaint on file.

[2] Lippincott's Complaint does not specify his relationship to the defendants. However, a review of documents appended to his Complaint suggests that JPMorgan Chase was the servicer of Lippincott's mortgage as an authorized agent of Fannie Mae, which is the holder of the Note. (Certification, Ex. D1 at 5 (dkt. no. 1-1).) JPMorgan Chase is successor by merger to Chase Home Finance, LLC, which is successor by merger to Chase Manhattan Mortgage Corporation. (Id.)

face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations and a mere recitation of the elements constituting the cause of action, unsupported by facts, are insufficient. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Lippincott alleges that the Harmon Law Offices and JPMorgan Chase violated the Fair Debt Collections Practice Act ("FDCPA"). It appears that Lippincott bases the claim on a letter sent to him by the Harmon Law Offices, attached as Exhibit D to the Complaint. It notified Lippincott that Harmon represented JPMorgan Chase and apparently enclosed a notice of mortgagee's sale of real estate. Lippincott does not allege what was unlawful about the letter. It is not an unfair practice under the FDCPA to take or threaten to take nonjudicial action to effect dispossession in connection with the enforcement of a valid security interest. See 15 U.S.C. § 1692f(6); see also Speleos v. BAC Home Loans Servicing, L.P., 824 F. Supp. 2d 226, 232-33 (D. Mass. 2011); Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 300060, at *3-4 (D.N.H. Feb. 9, 2005) (dismissing FDCPA claim where "defendants were executing a non-judicial foreclosure proceedings rather than collecting a debt"). As a result, allegations simply that the defendants "commenced the non-judicial foreclosure of [Lippincott's] home" – absent other allegations of "inaccurate or deceptive information or that any action was taken beyond that necessary to foreclose" – do not state a claim for a violation of the FDCPA. Speleos, 824 F. Supp. 2d at 233.

Lippincott also appears to allege that the defendants committed fraud by attempting to enforce an invalid note and mortgage. No further details are alleged. For a claim of fraud to survive a motion to dismiss, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). As the Complaint lacks these details, the plaintiff's claim for fraud does not satisfy Rule 9.

Lippincott challenges the "bifurcation" of the note and mortgage and contends that JPMorgan Chase did not own the note when it conducted the foreclosure as mortgagee. It appears from Lippincott's own submission, (see Certification, Ex. D1 at 5 (dkt. no. 1-1)), that JPMorgan Chase was the owner of the mortgage and the authorized agent of the owner of the Note, Fannie Mae, and thus entitled to foreclose. Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1131 (Mass. 2012).

Lippincott's Complaint asserts that there is no proof that JPMorgan Chase is the successor to the original mortgage holder, Chase Manhattan Mortgage Corporation, and thus entitled to foreclose. The short answer is that it is the pleader's responsibility to allege facts that would support a conclusion that JPMorgan Chase was *not* authorized to foreclose. The Harmon letter, (Ex. D at 4 (dkt. no. 1-1), in two places recites the chain of title from the original mortgagee to JPMorgan Chase, information which is confirmed in the defendants' submission.

Other allegations about Harmon's authority to act on behalf of JPMorgan Chase and the absence of proof that any lawyers had properly sworn the oath mandated under Massachusetts General Laws Chapter 221, § 38, do not raise any plausible claim upon which relief can be granted.

For the reasons stated herein, the defendants' Motions to Dismiss (dkt. nos. 13, 17) are GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge